UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
THE SECRETARY OF THE U.S.
DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT, an agency
of the UNITED STATES OF AMERICA,

 

                         Plaintiff,

             -against-

Nassau County Public Administrator, as
Administrator of the Estate of Nadalia
E. Hilton, deceased; New York State
Department of Taxation and Finance;
Community Development Corporation
of Long Island, Inc.; Clyde Hunt; Eugene
Hunt, Brione Jeanbaptiste; "JOHN DOE
#1-5" and "JANE DOE #1-5", said names
being fictitious, it being the intention of
plaintiff to designate any and all occupants,
tenants, persons or corporations, if any,
having or claiming an interest in or lien upon
the premises being forecloses herein,

                        Defendants.
---------------------------------------------------X

**SUPPLEMENTAL**
**REPORT AND**
**RECOMMENDATION**
CV 24-00525 (NCM)(AYS)

**SHIELDS, Magistrate Judge,**

      As a supplement to the Report and Recommendation found at docket entry No. 28, the

Court has made the following findings, which can be found on the Docket.

1.      The Complaint was filed in this Court on January 24, 2024.

2.      The Complaint was personally served on the Defendants.

3.      None of the Defendants appeared.

4.      The Clerk of the Court entered Entry of Defaults against the Defendants.

5.      Pursuant to Rule 55(b)(2) the Plaintiff requested a default judgment for the relief requested in the Complaint.

6.      By Local Civil Rule 55.2(b), the Plaintiff submitted in support of its application for a default judgment: (1) a clerk's certificates of entry of default; (2) a proposed form of default judgment; (3) a copy of the pleading to which no response has been made; and (4) an affidavit of facts with statement of damages.

7.      The affidavit sets forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure.

8.      This action was commenced to foreclose a mortgage on real property in the territorial jurisdiction of this Court.

9.      That a Notice of Pendency of this action was filed with the Clerk of Nassau County on January 26, 2024.  (Docket Entry ("DE") [24-13]).

10.     The N.Y. RPAPL § 1304, 90-day notice was mailed on October 16, 2023 on the Defendant-occupant by first class mail and certified mail tracking number 7022 2410 0003 4060 2115 and delivered on October 18, 2023.   (See DE [24-12]).

11.     Prior to this lawsuit, HUD filed a Petition in Surrogate's Court, Nassau County, File No. 2023-2108, requesting Limited Letters of Administration to the Nassau County Public Administrator, or to such other eligible person or distributee, to accept service of process on behalf of the decedent's estate in this foreclosure lawsuit.

12.     The Decree is attached is found at DE [24-11].

## THE MORTGAGE AND COLLATERAL MORTGAGE

13.     On or about September 26, 2003 Nadalia Hilton executed and delivered to Financial Freedom Senior Funding Corporation, a Subsidiary of Lehman Brothers Bank, FSB, an Adjustable Rate Note (hereinafter referred to as the "Note") and, as collateral of aforesaid Note, a Mortgage (hereinafter referred to as the "the Mortgage") in the amount of $421,123.50.  The Mortgage was recorded in the Nassau County Clerk's Office on 12/30/2003 in Liber Book: M 25683 Page: 63.

14.     A copy of the Note and Mortgage is found at DE [24-7].

15.     Simultaneous with the execution of the Mortgage and Note, the Notemaker executed and delivered a Second Adjustable Rate Note and Second Collateral Mortgage (hereinafter referred to as the "Collateral Mortgage and Second Note") to the Secretary of Housing and Urban Development dated 9/26/2003 and recorded on 12/30/2003 in Liber Book: M 25683 Page: 74 of the Nassau County Clerk's Office.

16.     A copy of the Collateral Mortgage and Second Note is found at DE [24-8].

17.     The above Collateral Mortgage was additional security for the reverse mortgage that is the subject of the proposed foreclosure action.

18.     The mortgaged premises is 67 Harriman Ave Hempstead, NY 11550.

<u>ASSIGNMENT OF THE MORTGAGE</u>

19.     Financial Freedom Senior Funding Corporation, a Subsidiary of Lehman Brothers Bank, FSB assigned the Mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as Nominee for Financial Freedom Acquisition.  The assignment is dated 10/15/2009 and recorded on 11/5/2009 in Liber Book: M 34327 Page: 453 of the Nassau County Clerk's Office.

20.     A copy of the assignment is found at DE [24-9].

21.     Mortgage Electronic Registration Systems, Inc. (MERS) as Nominee for Financial Freedom Acquisition assigned the Mortgage to Plaintiff by assignment instrument dated 3/31/2014

and recorded on 5/12/2014 in Liber Book: M 39682 Page: 508 of the Nassau County Clerk's Office.

22.     A copy of the assignment to the Plaintiff-HUD is found at DE [24-10].

23.     Plaintiff is the owner and holder of the Mortgage and Note and has the authority to institute this mortgage foreclosure action as the owner and holder of the subject Mortgage and Note; and there have been no prior proceedings, at law or otherwise, to collect or enforce the Note and Mortgage.

<u>THE PLAINTIFF IS ENTITLED TO A JUDGMENT OF FORELCOSURE AND SALE</u>

24.     The Plaintiff's right to enter a judgment of foreclosure and sale was granted to the Plaintiff in the Note (¶7a) and the Mortgage (¶9(a)(i)) at DE [24-7].)

25.     Pursuant to paragraph ¶7(a)(i) of the Note, titled: IMMEDIATE PAYMENT-IN-FULL the Plaintiff may require immediate payment in full of principal and accrued interest upon the event of death of a Borrower / Notemaker and the mortgaged premises is not the principal residence of a surviving borrower.  (<u>Id.</u> at ¶7(a)(i)).

26.     The Notemaker Nadalia Hilton died on 2-2-2015.

27.     The redacted death certificate is found at DE [24-6].

28.     The mortgaged premises is not occupied by a surviving borrower.

29.     Based on the affidavits of service, the mortgage premises is occupied by Defendant Brione Jeanbaptiste.

30.     The death of the Notemaker and non-occupancy of a surviving borrower is the event of default and triggered the right to foreclose on the mortgaged premises and collect payment of outstanding amounts due on the Note by virtue of a judgment of foreclosure and sale. (¶9(a)(i) Mortgage, at DE [24-7]).

31.     By reason of the event of default, the Plaintiff elected and hereby elects to declare the entire sum under the Note to be due and payable and foreclose on the mortgaged premises. (¶7(a)(i) Note, at DE [24-7].

32.     The Plaintiff presented its prima facie right to foreclose.  See E. Sav. Bank, FSB v. Bright, No. 11-CV-1721, 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012) ("In a New York mortgage foreclosure action, a plaintiff makes a prima facie case . . . where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor.").

33.     Plaintiff provided the Note, Mortgage, and proof of default.

34.     The affidavit of Elda Ochoa itemizes the precise sums due under the Note and Mortgage. (See DE [24-1]).

35.     The proposed Judgment of Foreclosure and Sale itemizes the sum certain due Plaintiff.

36.     The Defendants do not have personal, monetary liability to the Plaintiff in this lawsuit. See United States v. Spiegel, No. 19-CV-5456 (JS)(AYS), 2022 WL 5114462, at *3 (E.D.N.Y. Sept. 30, 2022) (entering default against non-mortgagor defendants where plaintiff plead nominal liability against them).

37.     This is an equitable mortgage foreclosure proceeding to enforce the Plaintiff's in rem rights in the mortgaged premises.

38.     The Plaintiff is not seeking a deficiency judgment after the auction.

39.     The Plaintiff is not requesting attorneys' fees.

40.     Attorney Jon M. Probstein, Esq. of 21 Turn Lane, Levittown, NY 11756 is admitted in this Court and agreed to accept appointment as Master to conduct the foreclosure auction.

<u>DISMISSAL AGAINST JOHN DOE & JANE DOE</u>

41.     The Plaintiff determined that the mortgaged premises is occupied by Brione Jeanbaptiste. See Affidavits of Service.

42.     That the Plaintiff having determined that there are no additional tenants occupying the premises, has sought leave to have said fictitious names 'John Doe' and 'Jane Doe' stricken from this proceeding and papers heretofore had and filed herein.  The Plaintiff requests that this lawsuit be dismissed against the defendants "JOHN DOE #1-5" and "JANE DOE #1-5". (See Fed. R. Civ. P. 15(a)(2); See also Secured Asset Mgmt. v. Dushinsky, 17-cv-05588 (DLI)(CLP), 19 (E.D.N.Y. Sep. 30, 2019).

Accordingly, as previously set forth on the record during the hearing held on December 10, 2024, and in the Report and Recommendation found at docket entry No. 28, and upon review of the moving papers, this Court respectfully recommends that Plaintiff's motion for default judgment be granted and that the proposed Order and Judgment of Foreclosure & Sale setting forth the relief requested be entered.

OBJECTIONS

A copy of this Supplemental Report and Recommendation is being provided to Plaintiff's counsel via ECF.  Furthermore, the Court directs Plaintiff's counsel to (1) serve a copy of this Report and Recommendation by first class mail to Defendants at their last known addresses, and (2) file proof of service on ECF by January 8, 2025. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and

recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Central Islip, New York
January 6, 2025

     /s/ Anne Y. Shields
     Anne Y. Shields
     United States Magistrate Judge